HERMAN KOENIG, APPELLANT, V. CHICAGO, BURLING-
TON & QUINCY R. CO., APPELLEE.

[FILED OCTOBER 23, 1889.]

1. **Foreign Corporations**: CANNOT ACQUIRE RIGHT OF WAY INDIRECTLY. In an action to enjoin a railway company from laying a side-track across the plaintiff's lot it was alleged that the "defendant was a foreign and non-resident railroad corporation, organized and incorporated under the laws of Illinois," etc., which allegations the defendant in its answer and supplemental answer admitted to be true. *Held*, That under the issue made in the pleadings the defendant, unless it became a corporation under the laws of the state, was prohibited absolutely by the constitution from acquiring a right of way; and as it could not acquire the same directly, it could not do so indirectly through a corporation organized under the laws of the state, and might be enjoined from appropriating the property.

2. **Parties.** Where a party claiming right of way under a contract was not before the court below, and it is apparent that he has an interest in the subject-matter of the suit, he must be made a party before the court will determine his rights in the premises.

APPEAL from the district court for Lancaster county. Heard below before FIELD, J.

*Billingsley & Woodward,* and *G. M. Lambertson,* for appellant:

The entry on appellant's land was unlawful, and injunction lies to prevent further occupancy. (1 High, Inj., secs. 622–626.) The record shows that the C., B. & Q. R. Co. is a foreign corporation; it cannot, therefore, acquire right of way directly, neither can it do so indirectly through the L. & N. W. R. Co. (*Hull v. R. Co.*, 21 Neb., 371; *Trester v. R. Co.*, 23 Id., 249; *State v. Scott*, 22 Id., 642.) The L. & N. W. R. Co. cannot exercise the right of eminent domain, because it has surrendered its franchise to appellee, and latter cannot acquire right of way through its lease of the L. & N. W. R. Co., because the same is void. (*State, ex rel. Leese, v. R. Co.*, 24 Neb , 144.) Right of way cannot be condemned for the use and benefit of a private person.

*Pound & Burr*, for appellee:

Under the terms of the contract between appellant and H. T. Clarke, the injunction should not be made perpetual. The C., B. & Q. R. Co., through the L. & N. W. R. Co., has duly condemned the property. The question of the right of the appellee, as a foreign corporation, to hold land in this state is not in the case.

MAXWELL, J.

This action was brought in the district court of Lancaster county, to enjoin the defendant from laying a side track across the plaintiff's lot to reach the warehouse of Henry T. Clarke in Lincoln. Mr. Clarke was not made a party to the suit and his rights will not be adjudicated in this action. On the trial of the cause the court found the issues in favor of the defendant and dismissed the case. It is alleged in the petition that "The plaintiff, Herman Koenig, a resident of Lincoln, Lancaster county, and state of Nebraska, complains of the said defendant, the Chicago, Burlington & Quincy R. R. Co., and alleges that said defendant is a foreign and non-resident railroad corporation, organized

and incorporated under the laws of the state of Illinois and operating a line of railroad from the city of Chicago, in the state of Illinois, to the city of Lincoln, in the state of Nebraska, and from thence, either by lease or otherwise, various other railroads radiating in different directions from the said city of Lincoln, in said state of Nebraska. The said plaintiff alleges that he is the owner of, and has the legal title to, and is in the possession of, lot two, in block thirty-one, of the city of Lincoln, county of Lancaster, and state of Nebraska, that he has a house upon the same, wherein he resides, and that said property is of the value of $8,000. Plaintiff avers that the said defendant has laid its railroad track across the west end of said lot two, in said block thirty-one aforesaid, and extended the same from its main track across said lot to the warehouse and store-building of one Henry T. Clarke, situated at the intersection of Eighth and P streets in said city of Lincoln; and the said plaintiff alleges that the said defendant unlawfully, and without the assent, knowledge, or permission of the said plaintiff, entered upon said lot of the plaintiff's and laid its track and railroad ties thereon and is now operating, hauling, and running its freight cars across, over said track and across the lot of this plaintiff to the said warehouse aforesaid of the said Henry T. Clarke, without having compensated this plaintiff for his damages or tendered payment for the use and occupation of said premises, and without having taken any steps to condemn said land under the laws of the state of Nebraska, or securing to this plaintiff compensation in any manner whatsoever for the damage occasioned by the occupancy of said lot, and the use thereof, and for the operation of trains and cars across the same. And the plaintiff avers that by reason of the building in the construction of said railroad across said lot, and the operation of engines, trains, and cars over the same, contrary to law, and without the consent and permission of this plaintiff, he has suffered great and irreparable injury

and has been deprived of the peaceful enjoyment of said premises and the life of himself and family has been and is daily endangered by the passing and repassing of cars over said track. Plaintiff also alleges that he has no adequate remedy at law, and that except for the interposition of this court he will be embroiled in a multiplicity of suits. Plaintiff further alleges that the said defendant threatens to continue the use of said track for said railroad purposes and operate trains over and across said lot, notwithstanding the request of this plaintiff to desist therefrom, unless restrained by the order of this court."

This petition was filed January 29, 1888. On the 28th of July, 1888, the defendant filed an answer in said action as follows:

"Now comes the defendant above named, and for answer to the petition filed by the plaintiff admits that it is a corporation organized under and by virtue of the laws of the state of Illinois, and that it is operating certain lines of railroad in the state of Nebraska. Further answering the said petition, the defendant denies each and every allegation therein contained."

On February 13, 1889, the defendant filed a supplemental answer in part as follows:

"Now comes the above named defendant, and for a supplemental answer to the petition herein, admits that it is a corporation duly organized under and by virtue of the laws of the state of Illinois, and that it is operating certain lines of railroad in the state of Nebraska.   *   *   * And defendant had the right to construct, maintain, and use a track across the said lot by virtue of a contract duly executed, signed, and delivered by the plaintiff on the 22d day of June, 1887, wherein Henry T. Clarke was party of the second part, and which contract and the terms and condition thereof said Clarke had duly kept and performed, but said plaintiff now refuses to keep and perform." And after alleging certain condemnation proceedings by the

Lincoln & Northwestern railway in its behalf, it alleges that "Further answering the said petition, the defendant denies each and every allegation therein contained."

It will be observed that the defendant is charged in the petition with being "a foreign and non-resident railroad corporation, organized and incorporated under the laws of the state of Illinois," and in its answer and supplemental answer it in effect pleads the same facts.

Sec. 8, art. XI, of the constitution provides that " No railroad corporation organized under the laws of any other state, or of the United States, and doing business in this state, shall be entitled to exercise the right of eminent domain, or have power to acquire the right of way or real estate for depot or other uses, until it shall have become a body corporate pursuant to and in accordance with the laws of this state."

Thus a foreign railroad corporation can neither exercise the right of eminent domain, nor does it possess power to acquire the right of way or real estate for depot or other uses, until it shall have become a body corporate pursuant to and in accordance with the laws of the state. In other words, a foreign railway corporation under our constitution can neither acquire nor hold a railroad in this state unless it becomes a corporation under the laws of the state in some of the forms pointed out in the statute. A railway corporation, being a creature of statute, possesses no powers except those conferred upon it by law.

This question was very fully considered in *State v. Scott*, 22 Neb., 628–9, and it was held that a foreign corporation is prohibited from acquiring right of way or real estate for depot or other uses, and that it cannot do indirectly what the constitution prohibits it from doing directly. In other words, that, as it cannot perform any of the acts named, therefore it cannot avail itself of the services of another corporation to accomplish this result. The denial to a foreign railroad corporation of the right of emi-

nent domain, and the power to acquire right of way or
real estate for depot or other uses, is an absolute prohibition
against such corporation either owning or holding a rail-
road in this state. The denial of the right to acquire
right of way is very broad and comprehensive, and its
meaning unmistakable. "No foreign corporation *can* ex-
ercise the right of eminent domain or (*can*) acquire right
of way," etc. If it cannot acquire, then it is forbidden to
hold what it is prohibited from acquiring, because the effect
of the denial of the right of acquisition is to prevent
it from taking the property. And as it cannot do indi-
rectly what it is prohibited from doing directly, it cannot
acquire and hold a leased line and thus evade a plain con-
stitutional prohibition. These provisions were placed in
the constitution not as a measure of hostility to railroads,
but to protect the citizens of the state in the enforcement
of the rights, and prevent corporate abuses. Therefore a
foreign corporation, to own or operate a line of railway in
this state, must become a corporation under the laws of the
state in some of the modes pointed out in the statute. In
*State v. C., B. & Q. R. R. Co.*, 25 Neb., 156, in a proceeding
in *quo warranto*, the defendant filed an answer setting up
the fact that it had become a domestic corporation under the
laws of this state, and a decree was rendered to that effect.
That decree was rendered at the July term of last year
(1888), and after this action was brought. The first an-
swer also was filed before the decree named. The supple-
mental answer, however, was filed two or more months
after that decree. It would seem to have been the duty
of defendant to set up this decree in its supplemental
answer, and have amended its former answer. Why it
failed to do so is uncertain. We cannot believe that it
sought thereby to override the constitution of the state and
thus seek to make the creature of the law greater than the
creator thereof. But whatever the cause, on the pleadings,
as we find them before us, the defendant cannot recover.

Mr. Clarke is not before the court, and we will not, in his absence, determine any matter affecting him ; neither will we, in the absence of proper parties before the court, investigate the right to lay the side-track in question. The judgment of the district court is reversed and the injunction made perpetual. This decision will not prevent the railroad company as a corporation organized under the laws of this state from condemning and acquiring the right of way for necessary side-tracks.

JUDGMENT ACCORDINGLY.

THE other Judges concur.